KLINE et al., Appellants,

v.

OAK RIDGE BUILDERS, INC. et al., Appellees.

[Cite as *Kline v. Oak Ridge Bldrs., Inc.* (1995), 102 Ohio App.3d 63.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16834.

Decided March 22, 1995.

64

*James R. Leaver,* for appellants.

*Robert A. Hager,* for appellees.

BAIRD, Presiding Judge.

Plaintiffs-appellants, John F. Kline, Jr. and Marcia N. Kline (collectively, the "Klines"), appeal the decision of the Summit County Court of Common Pleas granting the motion of defendants-appellees, Oak Ridge Builders, Inc. ("Oak Ridge"), James Morris, Kathy Morris, and Charter One Bank, f.k.a. First Federal Savings Bank ("Charter One"), to stay proceedings in the trial court and ordering the parties to submit to arbitration.[1] We affirm in part and reverse in part.

On August 3, 1991, the Klines entered into an agreement (the "Agreement") with Oak Ridge for the construction of a house in Copley Township, Ohio. James Morris signed the Agreement on behalf of Oak Ridge in his corporate capacity only, that is, "BY: James M. Morris[,] ITS: President." Kathy Morris did not sign the Agreement or any other agreement with the Klines. Section 18 of the Agreement provided that any controversy or claim arising out of or relating to the Agreement, or its breach, was to be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

On November 9, 1993, the Klines filed a complaint in the Summit County Common Pleas Court against James Morris, Kathy Morris (collectively, the "Morrises"), and Oak Ridge. The complaint alleged that (1) the Morrises were shareholders, officers, and/or directors of Oak Ridge; (2) as of November 20, 1992, the house was not completed; (3) during construction of the house, Oak Ridge and the Morrises, acting in concert, engaged in a course of fraud, misrepresentation and deceit whereby they falsely and fraudulently requested that the Klines pay for work allegedly completed when they knew it had not been

---

1. On December 5, 1994, the Klines filed a notice of voluntary dismissal of this appeal, relative to Charter One only. Accordingly, their claims against Charter One will not be discussed as part of this opinion.

completed; (4) the Klines, in reliance on such allegations, made the requested payments; (5) Oak Ridge and the Morrises converted such payments to their own use, thereby damaging the Klines; (6) Oak Ridge and James Morris failed to construct the house in a timely, workmanlike manner, for the agreed-upon price; and (7) Oak Ridge and James Morris committed unfair, deceptive, and unconscionable acts in violation of the Ohio Consumer Sales Practices Act, including breach of contract. Oak Ridge and the Morrises counterclaimed for breach of contract and unjust enrichment.

Oak Ridge and the Morrises moved to dismiss the Klines' complaint or, in the alternative, to stay proceedings in the trial court, arguing that all of the Klines' claims were subject to the arbitration clause set forth in the Agreement.

On May 24, 1994, the court denied Oak Ridge and the Morrises' motion to dismiss. The court found that the Agreement's arbitration clause was applicable, ordered the parties to submit the matters in controversy to arbitration, and stayed the matter in the trial court pending resolution through arbitration. It is from this decision that the Klines appeal, asserting a single assignment of error:

"The trial court erred in staying this proceeding and referring this matter to arbitration."

The Klines argue that Ohio law mandates arbitration of controversies only when there is a written agreement to arbitrate between the parties. Since there was no written agreement to arbitrate between the Klines and the Morrises, the Klines argue that the trial court erred by (1) staying the trial court proceedings with respect to the Morrises and (2) ordering them to submit their entire controversy to arbitration.

R.C. 2711.01(A) provides:

"A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

R.C. 2711.02 requires the trial court to stay an action brought therein, upon application of one of the parties, when it is satisfied that the issue involved in the action is referable to arbitration under a written agreement between the parties to arbitrate.

As a policy matter, the law favors and encourages arbitration. *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89, paragraph one of the syllabus. In interpreting an arbitration clause, doubts should be resolved

in favor of arbitration. *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 304, 610 N.E.2d 1085, 1086–1087.

In *Dean Witter Reynolds, Inc. v. Byrd* (1985), 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158, the United States Supreme Court considered provisions of the Federal Arbitration Act, Sections 1–14, Title 9, U.S.Code, which are analogous to R.C. 2711.01(A) and 2711.02. *Byrd* concerned a suit filed by an investor against Dean Witter in federal district court alleging violations of both federal securities laws and various state laws.[2] When the investor initially placed his funds with Dean Witter, he signed an agreement in which the parties agreed to settle by arbitration any controversy arising out of the agreement. Upon filing of the complaint in federal court, Dean Witter filed a motion seeking an order severing the state claims, compelling arbitration of those claims, and staying arbitration of the claims pending resolution of the federal court action. In so doing, Dean Witter relied on Section 2 of the Federal Arbitration Act, which provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

In overturning the lower courts, the Supreme Court ordered the arbitration, concluding that the Federal Arbitration Act requires a district court to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel arbitration, even where the result is the possible inefficient maintenance of separate proceedings in different forums. *Byrd*, 470 U.S. at 217, 105 S.Ct. at 1240–1241, 84 L.Ed.2d at 163.

Like Section 2 of the Federal Arbitration Act, R.C. 2711.01(A) provides that arbitration agreements "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Like Sections 3 and 4 of the Federal Arbitration Act, R.C. 2711.02 mandates that, upon application of one of the parties to a lawsuit, the court *shall* stay the trial of the action until the arbitration has been held pursuant to the agreement between the parties.

Arbitration of arbitrable controversies has been ordered as to parties to an arbitration agreement, even when other issues set forth in a complaint, naming both parties and nonparties to the arbitration agreement, are retained by a district court. *NPS Communications, Inc. v. Continental Group, Inc.* (C.A.2, 1985), 760 F.2d 463, 466. Absent statutory authority, a party to a lawsuit cannot be compelled to arbitrate a dispute that it has not agreed in writing to arbitrate. *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 40, 531 N.E.2d 721,

---

**2.** Federal jurisdiction over the state law claims was based upon diversity of citizenship and the principle of pendent jurisdiction.

722–723; *Piqua v. Ohio Farmers Ins. Co.* (1992), 84 Ohio App.3d 619, 621, 617 N.E.2d 780, 781–782.

The Klines never agreed in writing to submit any claims they might have against the Morrises to arbitration. The Morrises were not parties to the Agreement between Oak Ridge and the Klines, nor do the Morrises argue that any separate written arbitration agreement between the Klines and them exists.

Accordingly, we affirm the trial court's decision staying the trial proceedings and ordering arbitration of the controversies between the Klines and Oak Ridge. We reverse the trial court's decision insofar as it stayed the trial proceedings and ordered arbitration of controversies between the Klines and the Morrises. This cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment accordingly.*

DICKINSON and SLABY, JJ., concur.