PAINESVILLE TOWNSHIP LOCAL SCHOOL DISTRICT, Appellee,

v.

NATIONAL ENERGY MANAGEMENT INSTITUTE et al., Appellants.

[Cite as *Painesville Twp. Local School Dist. v. Natl. Energy Mgt. Inst.* (1996), 113 Ohio App.3d 687.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–014.

Decided Aug. 26, 1996.

*Robert M. Gippin* and *Daniel M. McIntyre,* for appellee.

*Mays, Karberg & Wachter* and *Mark I. Wachter,* for appellants.

CHRISTLEY, Judge.

This is an accelerated calendar appeal, stemming from a final judgment of the Lake County Court of Common Pleas. Appellants, National Energy Management Institute ("NEMI") and NEMI Services Corporation ("NSC"), seek the reversal of the trial court's decision, which denied their joint motion to stay the trial proceedings pending arbitration.

In August 1992, NEMI entered into an agreement with appellee, Painesville Township Local School District, to provide certain energy management services. As part of this agreement, NEMI promised to conduct a preliminary assessment of the energy consumption "characteristics" of appellee's buildings, and to design a plan under which the buildings would be made more energy efficient. NEMI further agreed to oversee the installation of energy efficient equipment in the buildings.

As part of the preliminary assessment, NEMI was obligated to give appellee a statement of the amount of funds it would save in energy costs if the proposed plan were followed. In conjunction with this particular obligation, NEMI "warranted" that appellee would save the specified amount.

In addition to the foregoing warranty, the agreement contained a provision which gave appellee the option of purchasing a second warranty covering the specified amount of energy savings. Under this second warranty, which would be issued by a separate company, appellee would be entitled to recover the difference between the projected savings and the actual savings in any given year.

Besides the foregoing provisions, the agreement between NEMI and appellee had an arbitration provision. This provision stated, in part:

"Any dispute, controversy or claim arising out of or in connection with or relating to this Agreement or any breach or alleged breach hereof, shall, upon request of either party (and without regard to whether or not any provision of this Agreement expressly provides for arbitration), be submitted to and settled by arbitration in the county where the Premises are situated in conformance with rules of the American Arbitration Association then in effect (or at any other place or under any other form of arbitration mutually acceptable to the parties)."

After NEMI had conducted the preliminary assessment and had given appellee the statement of the projected energy savings, appellee hired two contractors to install the new equipment. These contractors were approved by NEMI. In addition, at some point after the preliminary assessment had been completed, appellee decided to purchase the second warranty. This warranty was issued to appellee by NSC.

Approximately thirty months after the primary agreement between NEMI and appellee had been executed, a dispute developed concerning whether appellee's actual energy savings during the first year had been equal to the projected amount. When this dispute could not be settled amicably, appellee brought the instant action in November 1995. In its complaint, appellee named NEMI, NSC, and the two contractors, Roth Brothers, Inc., and Traditional Building Systems, Inc., as the defendants in this action.

Appellee's complaint contained thirteen separate causes of action, nine of which were applicable to both NEMI and NSC. These nine causes of action set forth claims which sounded in breach of warranty, breach of contract, conversion, fraud, wrongful termination, and unjust enrichment.

Prior to answering the complaint, NEMI and NSC moved to stay the trial proceedings on the basis that the entire action should be submitted to arbitration. The two contractors also joined in this motion. In support of this motion, NEMI and NSC argued that the arbitration provision in the agreement between NEMI and appellee was controlling because all of the causes of action in the complaint were based upon the basic contractual relationship between NEMI and appellee.

In opposing the motion, appellee primarily asserted that the case could not be submitted to arbitration because its causes of action against NEMI and NSC were not the type of claims which could be resolved by an arbitrator. Specifically, appellee contended that its causes of action were not arbitrable because the resolution of those causes involved the application of Ohio statutory law pertaining to insurance contracts. As a separate argument, appellee maintained that the motion should be denied because NEMI and NSC had not properly perfected their demand for arbitration.

After NEMI and NSC had filed a reply brief on the matter, the trial court denied the motion to stay. In doing so, the trial court did not set forth the basis of its decision in its judgment entry.

Even though the two contractors had originally joined in the motion, they did not appeal from the foregoing judgment. As a result, the only appellants in the instant appeal are NEMI and NSC. In their brief, they have raised the following as error:

"The trial court erred to the prejudice of defendants-appellants National Energy Management Institute and NEMI Services Corp. in overruling their motion to stay pending the resolution of arbitration."

■ In maintaining that their motion to stay should have been granted, appellants have essentially restated the argument which formed the basis of their motion. Specifically, they contend that a stay was warranted in this instance because all of appellee's causes of actions could be submitted to arbitration under

the arbitration provision in the basic agreement between NEMI and appellee. Stated differently, appellants assert that each of the nine causes of action pertaining to them were arbitrable because each arose from the agreement between NEMI and appellee.

R.C. 2711.02 governs the issuance of a stay of trial proceedings when one party to an action has initiated an arbitration proceeding. This statute provides:

"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. * * * "

■ Under R.C. 2711.02, a trial court is obligated to stay the trial proceedings once the court has determined that the issues raised in the action are referable to arbitration. In addition, the statute indicates that the determination of whether an issue is subject to arbitration is controlled by the language of the arbitration provision in the agreement between the parties.

■ In applying R.C. 2711.02, this court has held that any dispute concerning whether a particular issue is covered under an arbitration provision should be resolved in favor of coverage, *i.e.*, arbitration provisions should be interpreted in a broad manner. *Grcar v. Lanmark Homes, Inc.* (June 12, 1992), Lake App. No. 91–L–128, unreported, 1992 WL 134235. This holding is predicated upon the fact that public policy favors the resolution of disputes by arbitration. *Id.*

In the instant case, the arbitration provision stated that it was applicable to any claim "arising out of or in connection with or relating to" the agreement between NEMI and appellee. Our review of the nine causes of action in appellee's complaint which pertained to appellants indicates that each cause stemmed from the contractual relationship between NEMI and appellee. Thus, at first blush, it would appear that the nine causes of action were referable to arbitration because they fell within the broad coverage of the arbitration provision.

Notwithstanding the foregoing analysis, appellee maintains that the nine causes of action were still not referable to arbitration because the resolution of each entailed the determination of whether the warranties given by both appellants constituted *insurance contracts* which are governed by statutory law. In essence, appellee contends that an issue cannot be subject to arbitration if its resolution involves the application of an Ohio statutory law.

In support of this argument, appellee has cited a number of appellate decisions which supposedly stand for this proposition. However, our review of these decisions indicates that appellee's interpretation is incorrect. Instead, these cases stand for the proposition that an issue or cause of action cannot be referred to arbitration when the party opposing arbitration argues that the *entire* agreement between the parties is *void* under Ohio statutory law.

For example, in *Zalecki v. Terminix Internatl. Inc.* (Feb. 23, 1996), Lucas App. No. L–95–156, unreported, 1996 WL 76052, the plaintiff sought the rescission of a service contract on the basis that the defendant had engaged in actions which violated Ohio's Consumer Sales Practices Act. Specifically, the plaintiff alleged that the defendant had committed fraud in inducing him to enter into the contract.

Before the matter could come to trial, the defendant filed a motion for arbitration, pursuant to the arbitration provision in the service contract. In appealing from the trial court's decision to grant the motion, the plaintiff argued that the arbitration provision could not be applied to his claims under the Consumer Sales Practices Act.

Although the Sixth Appellate District ultimately held that the trial court had erred in granting the motion for arbitration, the court did indicate that, in some instances, an arbitration panel would be allowed to consider some issues raised under the Consumer Sales Practices Act. That is, the *Zalecki* court stated that the trial court in that case had "correctly" concluded that an arbitration panel could award treble damages and attorney fees under the statute if the consumer's cause of action arose from the contract. The court then held that this analysis was inapplicable in that particular instance because the plaintiff had alleged that, as a result of the defendant's violations of the act, the *contract was void, i.e.,* the court held that the plaintiff's cause of action could not be said to have "arisen" from the contract when the plaintiff was alleging that the contract was not enforceable because it was *void.*

■ The logic of the *Zalecki* decision is persuasive. If the plaintiff is alleging that the entire contract between the parties is *void* under a state statute, it follows that this issue should not be subject to arbitration because the arbitration provision is a part of the contract which might be declared void. However, if the plaintiff is alleging that the defendant's violation of the state statute merely constitutes a breach of the contract, this issue would be referable to arbitration because (1) the arbitration provision is still binding and (2) the issue arose from the contract.

In the instant case, a review of the nine causes of action against appellants indicates that appellee never argued that the agreement between itself and

NEMI was void and unenforceable. Instead, appellee merely alleged that certain Ohio statutory law relating to insurance would have to be applied to the warranties.

Clearly, the warranties in question arose from the agreement between NEMI and appellee. Pursuant to *Zalecki*, the warranty issue and the other issues raised under the nine causes of action were still referable to arbitration under the arbitration provision.

■ However, as was noted above, appellee also argued in its answer to appellants' motion that the stay should not be granted because appellants had not properly perfected their notice for arbitration. This argument was predicated upon the fact that the notice, a copy of which appellants had attached to their motion, had not been signed by an attorney or by a representative of appellants.

■ As to this point, this court would note that R.C. 2711.02 provides that a motion to stay the trial proceedings should not be granted when the movant is in default in the arbitration proceeding. Nevertheless, in reading this clause in the context of the entire statute, this court concludes that the General Assembly did not intend for a trial court to review the *merits* of the procedure followed in the arbitration proceeding. Instead, the wording of the statute supports the conclusion that, prior to granting a stay, a trial court should merely determine *whether the arbitration proceeding has been initiated.*

■ Under this standard, we would note that, pursuant to R.C. 2711.10, a trial court can vacate an arbitration award only under extraordinary circumstances, *i.e.*, a court cannot vacate simply because an error of fact or law has occurred. Given the limited scope of review after an award has been made, it follows that a trial court does not have the jurisdiction to determine whether an arbitration proceeding should or should not go forward as a result of a technical error in the notice for arbitration. Such a determination is for the arbitrator to make.[1]

Parenthetically, we note that it is significant that the arbitration agreement arose from the contract as opposed to a subsequent agreement to arbitrate. Thus, the right to arbitrate was preexisting and did not have to be subsequently established.

■ Pursuant to the foregoing analysis, this court concludes that the motion to stay in this case had merit, at least as applied to NEMI. However, this court would also note that, even though NSC joined in the motion, it was not a party to

---

1. As an aside, this court would note that Rule 6 of the Construction Industry Arbitration Rules of the American Arbitration Association does not specifically require that the written notice of the intent to arbitrate be signed by an attorney or the party.

the agreement which contained the arbitration clause. Only NEMI and appellee were parties to the agreement in question.

■ As a general proposition, a party to an action cannot be required to arbitrate a dispute between itself and a second party unless those parties have previously agreed in writing to arbitration. *Kline v. Oak Ridge Builders, Inc.* (1995), 102 Ohio App.3d 63, 656 N.E.2d 992. It has also been held that, when a complaint has been brought against both parties and nonparties to the agreement containing the arbitration clause, arbitration can only be ordered as to the party to the agreement. *Id.*

■ In this case, appellee never agreed in writing to arbitrate any dispute between itself and NSC. As appellee only agreed to arbitrate disputes between itself and NEMI, the trial court did not err in denying the motion to stay in relation to NSC.[2] To this extent, appellants' sole assignment lacks merit.

However, since the trial court did err in denying the motion to stay in relation to NEMI, appellants' sole assignment is well taken in part.

The judgment of the trial court is affirmed as to NEMI Services Corporation. As to National Energy Management Institute, the judgment of the trial court is reversed, and the cause is hereby remanded for proceedings. Specifically, upon remand, the trial court shall issue a judgment staying the trial proceedings between National Energy Management Institute and appellee, Painesville Township Local School District.

*Judgment accordingly.*

FORD, P.J., and DONOFRIO, J., concur.

JOSEPH DONOFRIO, J., retired, of the Seventh Appellate District, sitting by assignment.

---

2. When only a portion of an action can be submitted to arbitration, it is discretionary with the trial court as to whether the remaining trial proceedings should be stayed until the arbitration proceeding has been concluded.