OPINION
This is an accelerated appeal taken from a final judgment of the Geauga County Court of Common Pleas. Appellants, John and Marie Stehli, appeal from the trial court's issuance of a stay pending arbitration.
In April 1997, appellants entered into a contract with appellee, Action Custom Homes, Inc. Appellee is an Ohio corporation engaged in the business of building custom homes. Pursuant to the contract with appellants, appellee agreed to construct a single-family residence on real property located in Chardon, Ohio. The purchase price of the house was to be $340,027.
During the construction process, appellants and appellee disagreed over the quality of the work and whether the company was building the house in accordance with the specifications listed in the contract. Upon mutual agreement of the parties, appellee eventually ceased construction of the house.
On August 11, 1998, appellants filed a lawsuit against appellee in the trial court. In their complaint, appellants set forth three claims for relief: (1) breach of contract and express warranty; (2) negligence; and (3) violations of the Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq. Appellants attached a copy of the contract to the complaint.
Instead of preparing an answer, appellee responded by filing a motion to dismiss the complaint on August 21, 1998. As grounds for the motion, appellee asserted that the contract contained an arbitration clause which provided the sole method for resolving any controversy or claim relating to the contractual relationship between the parties. Given the existence of this clause, appellee maintained that the trial court had a duty to dismiss the pending complaint.
Appellee appended various documentary exhibits to its motion to dismiss the complaint. These documents demonstrated that appellee previously filed a demand for arbitration with the American Arbitration Association ("AAA") on June 12, 1998. Appellants submitted an answering statement on July 1, 1998. Appellants, however, attached a memorandum to their answer in which they objected to arbitration based on the fact that they intended to assert non-contract claims against appellee. Despite the lodging of this objection, the arbitration procedure continued with the parties selecting acceptable arbitrators from a list of names prepared by AAA. In August 1998, AAA appointed a mutually acceptable arbitrator and scheduled the arbitration to take place in Cuyahoga County, Ohio.[1]
Appellee relied on these documents to establish not only that the contract contained an arbitration clause, but that the company had commenced the process of arbitrating the dispute prior to appellants' filing of the complaint. The trial court treated appellee's motion to dismiss as a motion for stay of the judicial proceedings pending arbitration. After being granted an extension of time in which to respond, appellants filed a memorandum in opposition to the request for a stay.
Appellants offered three primary reasons as to why the trial court should not stay the proceedings pending the submission of the dispute to arbitration. First, appellants argued that the complaint encompassed causes of action that were beyond the contract. Second, appellants suggested that the complaint alleged claims that were within the exclusive jurisdiction of the state court system, thereby making such matters inappropriate for resolution through AAA procedures. Third, appellants asserted that the entire contract was void because there had been fraud in its inducement, thereby making the arbitration clause itself a nullity.
On September 16, 1998, the trial court granted the motion to stay the proceedings pending arbitration. In doing so, the trial court concluded that appellants had not pled any cause of action beyond the contract. The trial court also ruled that it did not have exclusive jurisdiction over the particular claims for relief that had been set forth in appellants' complaint.
With regard to the issue of fraudulent inducement, the trial court agreed that arbitration would not have been the appropriate forum had appellants actually sought rescission of the entire contract. After reviewing the complaint, however, the trial court concluded that appellants had not included such a claim for relief. Instead, the trial court determined that the claims subsumed within the complaint related exclusively to appellee's performance of its obligations under the contract. The trial court deemed the arbitration clause to remain in effect since all of the claims arose out of or related to the parties' contractual agreement. Given the continuing validity of this clause, the trial court stayed any further action on the complaint pending arbitration.
From this judgment, appellants filed a timely notice of appeal with this court. They now assert the following assignment of error:
"The trial court committed reversible error when it issued an order staying the case pending arbitration."
In their sole assignment of error, appellants posit that the trial court erred by issuing the stay pending arbitration. Appellants submit that arbitration is improper in this case. The threefold basis for appellants' position before this court is the same as they advanced in the trial court, to wit: the complaint included causes of action that were beyond the contract, the complaint alleged claims that were within the exclusive jurisdiction of the courts, and the arbitration clause was invalid because the entire contract was void for fraud in its inducement.
As an initial matter, it must be noted that public policy in Ohio encourages the resolution of disputes through arbitration.Kelm v. Kelm (1993), 68 Ohio St.3d 26, 27; Youghiogheny OhioCoal Co. v. Oszust (1986), 23 Ohio St.3d 39, 41; Dayton TeachersAssn. v. Dayton Bd. of Edn. (1975), 41 Ohio St.2d 127, 132-133. Any uncertainty regarding the applicability of an arbitration clause should be resolved in favor of coverage. An arbitration clause should not be denied effect unless it can be determined to a high degree of certainty that the clause does not cover the asserted dispute. Grcar v. Lanmark Homes, Inc. (June 12, 1992), Lake App. No. 91-L-128, unreported, at 1, 1992 WL 134235. See, also, Independence Bank v. Erin Mechanical (1988), 49 Ohio App.3d 17,18; Gibbons-Grable Co. v. Gilbane Bldg. Co. (1986), 34 Ohio App.3d 170,173.
The validity of arbitration provisions has been codified by the General Assembly. R.C. 2711.01 provides in part:
 "(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
R.C. 2711.03 states that a party aggrieved by the failure of another to submit to arbitration may petition a common pleas court for an order directing that arbitration proceed in the manner provided for by a written agreement. If the court is satisfied that the issue involved is referable to arbitration under the agreement, then it shall stay the proceedings pending arbitration pursuant to R.C. 2711.02. A judgment that grants or denies a stay of trial proceedings pending arbitration is a final appealable order. R.C. 2711.02.
In the case sub judice, the contract executed by appellants and appellee contained the following arbitration clause:
"Any controversy or claim arising out of or relating to this Agreement or the breach of this Agreement will be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgement on the arbitration award may be entered in any court of competent jurisdiction."
This paragraph was clearly labeled as an arbitration clause. Beyond this, it was the very last provision set forth in the contract, and the signature lines upon which the parties signed their names was immediately below the clause.
Upon the application of appellee, the trial court granted a stay of the proceedings pending arbitration. The initial argument put forth by appellants is that their complaint contained claims that were "beyond the contract." By this, we assume that appellants are proposing that certain claims for relief in the lawsuit against appellee did not arise out of or relate to the written contract between the parties. Beyond this rather vague assertion, appellants do not articulate exactly which claim or claims were outside the contract or in precisely what manner such claims did not arise out of the terms of the agreement.
A review of the complaint reveals that it enumerated three claims sounding in breach of contract and warranty, negligence, and alleged statutory violations of the CSPA. It does not appear that any of these claims were outside the contract. The only possible exception would be language in the complaint through which appellants purportedly alleged fraud in the inducement of the contract. The question of such fraud will be discussed,infra. With respect to all other issues advanced by appellants, the trial court correctly concluded that the causes of action related to appellee's performance of its obligations under the contract.
Appellants next contend that certain claims fell exclusively within the jurisdiction of the trial court. Specifically, they suggest that the cause of action predicated upon alleged statutory violations of the CSPA could only be adjudicated by the trial court and were, therefore, inappropriate subject matter for arbitration.
In the complaint, appellants claimed that appellee engaged in unfair or deceptive acts or practices in violation of R.C.1345.02. Such deceptive acts included the fact that appellee misrepresented that the house was being constructed in accordance with the particular specifications agreed upon in the contract. Appellants also alleged that appellee engaged in unconscionable practices in violation of R.C. 1345.03, but they did not specify what acts of appellee rose to the level of unconscionability. In their brief before this court, appellants likewise failed to articulate precisely what unconscionable acts were supposedly perpetrated by appellee.
On appeal, appellants maintain that R.C. 1345.04 granted the trial court exclusive jurisdiction over the CSPA claims. This statute provides:
"The courts of common pleas, and municipal or county courts within their respective monetary jurisdiction, have jurisdiction over any supplier with respect to any act or practice in this state covered by sections 1345.01 to 1345.13 of the Revised Code, or with respect to any claim arising from a consumer transaction subject to such sections." R.C. 1345.04.
Upon review, we can not agree with appellants' position. The statute's grant of jurisdiction to common pleas, municipal, and county courts does not concomitantly act as a prohibition against arbitration. While R.C. 1345.04 obviously does confer jurisdiction on courts to hear actions based on R.C. Chapter 1345, there is nothing in the statute to suggest that parties to a consumer transaction covered by the CSPA can not agree to arbitrate such matters. See, generally, Zalecki v. TerminixInternatl., Inc. (Feb. 23, 1996), Lucas App. No. L-95-156, unreported, 1996 WL 76052. Indeed, there is no reason why parties to a contract can not arbitrate legal claims arising under the CSPA in the same manner that numerous other statutory claims are resolved through some form of alternative dispute resolution.
Appellants further argue that an arbitrator would be without authority to award treble damages and attorney fees as provided for by R.C. 1345.09. Again, however, there is nothing in Ohio law which would specifically prohibit an arbitrator from awarding treble damages and attorney fees to a consumer who prevails on a claim arising under the CSPA. See, generally, Smith v. Ohio StateHome Services, Inc. (May 25, 1994), Summit App. Nos. 16441 and 16445, unreported, at 2, 1994 WL 200801. In this vein, the trial court correctly observed in its judgment that "it is incumbent upon the parties and their respective counsel to argue to the arbitrator what the appropriate measure of damages is for the case at hand."
The final issue raised by appellants under their assignment of error is the one relating to fraud in the inducement of the contract. In essence, appellants contend that their complaint contained an allegation to the effect that appellee used fraud to induce them to sign the contract. From appellants' perspective, this allegation challenged the legality of the contract itself, and the matter could not be submitted to arbitration until the trial court first determined whether the contract was valid.
As support for this proposition, appellants cite Zalecki and this court's prior decision in Painesville Twp. Local School Dist.v. Natl. Energy Mgt. Inst. (1996), 113 Ohio App.3d 687. InZalecki, the appellant brought suit against Terminix alleging, in part, that the company engaged in a deceptive act or practice under R.C. 1345.02 of the CSPA. The appellant claimed that Terminix used deception to secure the signed contract. The trial court granted the company's motion to compel arbitration of the issues raised by the complaint, including the claims brought pursuant to the CSPA. On appeal, the Sixth District reversed on the ground that the appellant's CSPA claims alleging deception prior to the execution of the contract could not be submitted to arbitration until the trial court first determined whether the contract was even enforceable.
In Painesville Twp., this court found Zalecki to be persuasive. In doing so, we held that "[i]f the plaintiff is alleging that the entire contract between the parties is void under a state statute, it follows that this issue should not be subject to arbitration because the arbitration provision is a part of the contract which might be declared void." (Emphasis sic.) Painesville Twp.,113 Ohio App.3d at 693. The appellants in Painesville Twp., however, never alleged that the contract was void or unenforceable in the various causes of action set forth in the complaint. Thus, we concluded that the issues raised in the complaint were still referable to arbitration.
In the case at bar, the trial court employed the logic ofZalecki and Painesville Twp. in observing that arbitration would not have been proper had appellants sought rescission of the contract.[2] The trial court, however, reviewed the language of the complaint and concluded that appellants had not actually sought to have the agreement with appellee voided at their option.
Upon review, this court agrees that the complaint filed by appellants did not contain an allegation of fraud in the inducement of the contract. Although appellants maintain that the language of the complaint was broad enough to encompass such a claim, an examination reveals that appellants simply pleaded that appellee committed "unconscionable consumer sales practices" as defined in R.C. 1345.03 upon which appellants relied to their detriment. There was nothing in this language to put appellee on notice that appellants were specifically alleging fraud in the inducement of the contract.
Even if we assume arguendo that this language could be construed broadly enough to include such a fraud claim, it is apparent that appellants were not seeking rescission of the contract. At common law, a party who has been fraudulently induced into entering a contract has the option of rescinding the contract or retaining the agreement and suing for damages.Mid-Am. Acceptance Co. v. Lightle (1989), 63 Ohio App.3d 590,599, citing Cross v. Ledford (1954), 161 Ohio St. 469, andColumbus Toledo RR. Co. v. Steinfeld (1884), 42 Ohio St. 449.
The CSPA provides for these same two statutory remedies.Mid-Am. Acceptance, 63 Ohio App.3d at 599-600; Rolling v. OhioState Home Services, Inc. (July 14, 1993), Medina App. No. 2157, unreported, at 2, 1993 WL 261568. Pursuant to R.C. 1345.09(B), a consumer who has been fraudulently induced into entering a contract may either rescind the contract or retain the agreement and sue for monetary damages. In the instant matter, appellants sought only treble damages and attorney fees, not a declaration by the trial court that the contract was voidable.
Finally, even if appellants had expressly sought to have the contract voided due to fraud in its procurement, the trial court's issuance of the stay pending arbitration was still proper. This court has expressly overruled our previous language in PainesvilleTwp., wherein we suggested that a trial court should not refer a contract dispute to arbitration if the plaintiffs were alleging that the entire contract was voidable for fraud in the inducement. See Windham Foods, Inc. v. Fleming Cos., Inc. (May 2, 1997), Trumbull App. No. 96-T-5515, unreported, at 7, fn. 3, 1997 WL 269387. In doing so, this court held that "[i]f the agreement to arbitrate is not at issue, then the court must compel arbitration to proceed." Id. at 7.
Moreover, the Supreme Court of Ohio has recently expressly addressed this subject. In ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, syllabus, the court held:
"To defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced."
When rendering this decision, the Supreme Court observed that R.C. 2711.01(A) mandates that a provision in a contract by which parties agree to arbitrate is valid unless the arbitration clause itself is revocable under contract law. Because the arbitration clause is viewed as a separate entity for this purpose, an alleged failure of the contract in which it is subsumed does not affect the clause itself. As the Supreme Court stated, the arbitration clause "remains as the vehicle by which the legitimacy of the remainder of the contract is decided." Id. at 502.
This court has recently applied the holding of ABM Farms to an arbitration provision. See Cross ex rel. Cross v. Carnes (Dec. 24, 1998), Trumbull App. No. 97-T-0206, unreported, at 4, 1998 WL 964588. Other appellate courts have also cited ABM Farms for the proposition that a plaintiff in a contract action must allege fraud in the inducement of an arbitration clause itself in order to defeat a motion for stay. See, e.g., Supervalu Holdings, Inc.v. Schear's Food Centers, Inc. (June 26, 1998), Montgomery App. No. 16881, unreported, at 6, 1998 WL 425505.
Thus, it would not have been enough for appellants to have pled fraud in the inducement of the entire contract. Rather, pursuant to ABM Farms, appellants were required to allege in the complaint that appellee fraudulently induced them into agreeing to arbitrate any dispute that arose out of the performance of the contract. Appellants did not do this.
For all of these reasons, the issues raised by appellants fail to demonstrate that the submission of the dispute to arbitration was improper. The trial court did not err in granting the stay of the proceedings pursuant to R.C. 2711.02.
Based on the foregoing analysis, the assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
 _______________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] In their brief before this court, appellants maintain that they actually proposed local arbitration of the dispute through the Geauga County arbitration system, as opposed to arbitration administered by AAA. This offer was presumably made to appellee and rejected by the company before appellants opted to file suit in the trial court. Two observations are in order. First, there is nothing in the record to suggest that appellants ever objected to the arbitration on the grounds that it was to be administered by AAA in Cuyahoga County. Second, if appellants did propose that the dispute be arbitrated in Geauga County, such offer was obviously inconsistent with their current position on appeal, to wit: that the arbitration clause is not applicable given the nature of their legal claims against appellee.
[2] This observation was somewhat inaccurate, as will be explained infra. The trial court, nevertheless, arrived at the correct judgment by issuing the stay pending arbitration.