DECISION AND JOURNAL ENTRY
Appellants, Stanley and Stephanie Klatka, appeal the decision of the Summit County Court of Common Pleas granting the appellees' motion for "LEAVE TO ASSERT AFFIRMATIVE DEFENSE" of arbitration and for a stay pending arbitration. We reverse.
In September of 1996, appellants entered into a building contract termed the "Standard Building Contract" with appellee, Northwood Builders and Developers, Inc. ("Northwood Builders"), for the purchase of a lot in the Shakespearean Place development and the construction of a new home for the sum of $129,250. At all times relevant to the within matter, appellee, Edward Seabeck, was the president of Northwood Builders, and appellee, Suzanne Seabeck, was the vice-president and treasurer. In addition, she was the real estate agent for both Northwood Builders and the appellants with respect to said contract.[1] During the closing, the appellants were informed that an additional $10,000 of the total purchase price was to be allocated to the price of the lot because Northwood needed the additional money up front for construction materials; however, the overall price for the lot and new home construction would remain the same.
The September 1996 Standard Building Contract contained an arbitration provision which provided:
 In the event that any disputes arise between the parties as to the meaning or interpretations of any provisions of this agreement and the exhibits attached or if any disputes arise as to the proper performance of any part of the work in building the house and the parties are unable between themselves to resolve such disputes, it is mutually agreed that the parties will submit said disputes for arbitration. Any such arbitration proceedings shall be completely binding in [sic] the parties. Such arbitration shall be conducted according to procedures outlined i [sic] the warranty.
 A dispute arose between the parties regarding what items were to be included in the contract price. The parties were unable to resolve the dispute, and the appellants eventually contracted with another builder to construct a home on the lot purchased from Northwood Builders. The appellants claim that they paid more to have the replacement builder construct their home and claim that Northwood Builders wrongfully retained $10,000 for construction materials for a house it never built.
On June 11, 1997, appellants filed a complaint in the Summit County Court of Common Pleas against, inter alia, appellees Seabeck and Northwood Builders alleging breach of contract, fraud, breach of fiduciary duty, breach of agency, conversion, money due on account, and unjust enrichment. On August 4, 1997, appellees Seabeck and Northwood Builders filed an answer to the appellants' complaint and counterclaimed for tortious interference, slander, and breach of contract. The appellees' August 4, 1997 answer did not seek arbitration.
On July 16, 1999, nearly two years after appellees filed their answer, counsel for appellees filed a motion for "LEAVE TO ASSERT AFFIRMATIVE DEFENSE" of arbitration and for stay pending arbitration. During this two-year period, the parties undertook extensive discovery, including the exchange of interrogatories, requests for admission, and requests for production of documents, as well as numerous depositions. Following said discovery, the appellants filed a motion for summary judgment. Thereafter, counsel for appellees withdrew, and new counsel entered an appearance. Appellees' new counsel immediately moved for, and was granted, additional time within which to respond to the appellants' motion for summary judgment. The appellees filed the subject motion for "LEAVE TO ASSERT AFFIRMATIVE DEFENSE" and for stay together with their brief in opposition to appellants' motion for summary judgment. The trial court granted the appellees' motion for "LEAVE TO ASSERT AFFIRMATIVE DEFENSE" of arbitration and for stay. This appeal followed.
Appellants assert two assignments of error. We will address them together to facilitate review.
 First Assignment of Error THE TRIAL COURT ERRED IN FAILING TO FIND THAT DEFENDANTS HAD WAIVED ANY RIGHT THEY HAD TO ARBITRATION.
 Second Assignment of Error THE TRIAL COURT ERRED IN STAYING THE ENTIRE CASE AND SUBMITTING CLAIMS TO ARBITRATION THAT PLAINTIFFS HAD NOT AGREED TO ARBITRATE.
 Appellants aver that the trial court erred in submitting the matter to arbitration because, due to the length of time that had passed, the appellees had waived their right to seek arbitration. Moreover, appellants argue that, after nearly two years of discovery proceedings, appellees had waived any right to seek arbitration under the contract. We agree.
When addressing whether a trial court has properly granted a motion to stay proceedings and compel arbitration, the standard of review is abuse of discretion. Carter Steel Fabricating Co. v.Danis Bldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254-55;Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,410. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency," Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621, or an arbitrary, unreasonable, or unconscionable attitude, Schafer v. Schafer (1996), 115 Ohio App.3d 639,642.
A party's waiver of a right to arbitration "typically requires knowledge of a right to arbitrate and actions inconsistent with that right that usually involve delay and prejudice to the adverse party." Manos v. Vizar (July 9, 1997), Medina App. No. 96 CA 2581-M, unreported, at 5. Thus, our analysis must focus on whether the appellees had knowledge of the arbitration provision and acted in a manner inconsistent with that right, which action or actions involved delay and prejudice to the appellants.
This court has recently addressed the issue of what actions constitute a waiver of arbitration in the case of MGM LandscapingContractors, Inc. v. Berry (Mar. 22, 2000), Summit App. No. 19426, unreported. In MGM, this court stated:
 The law of Ohio favors arbitration as an alternative method of dispute resolution. See, e.g., Kelm v. Kelm
(1993), 68 Ohio St.3d 26, 27. "Pursuant to R.C. 2711.02, a court may stay trial of an action `on application of one of the parties' if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement. When a party does not properly raise the arbitration provision of a contract before the trial court, he is deemed to have waived arbitration." Austin v. Squire (1997), 118 Ohio App.3d 35, 37, citing Jones v. Honchell (1984), 14 Ohio App.3d 120, 122. "[A] plaintiff's waiver may be effected by filing suit. When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver."
(Footnotes omitted.) Mills v. Jaguar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111, 113.
(Emphasis added.) Id. at 4-5. This court went on to hold:
 In the case at bar, the contract between the parties contained an arbitration provision which was incorporated by reference to the spec book. The contract was signed by the parties in April 1996; appellee MGM filed its complaint in December 1996. Berry's counterclaims against MGM and the cross-claims against appellee Sunde were filed in March 1997; both appellees filed answers to Berry's pleadings. The parties engaged in extensive discovery, including a flurry of motions to compel and motions for protective orders. The appellees moved for summary judgment in April 1998. The motion to stay and to compel arbitration was not filed until October 15, 1998. By engaging in extensive litigation, the appellees have acted in a manner inconsistent with the right to seek arbitration and, therefore, have waived that right.
(Emphasis added.) Id. at 5.
The MGM facts are analogous to the facts of this case. The appellants herein filed their complaint on June 17, 1997; appellees filed an answer and counterclaim on August 4, 1997 in which they did not assert their right to arbitration. The appellees can, however, be presumed to have had knowledge of the arbitration provision, as it is contained in Northwood Builders' own form agreement. The appellees thereafter engaged in extensive discovery, including extensive written discovery and numerous depositions. Following said extensive discovery, appellants filed a motion for summary judgment on April 15, 1999. Appellees moved for, and were granted, an extension of time within which to respond the appellants' motion for summary judgment. On July 16, 1999, appellees filed their brief in opposition to appellants' motion for summary judgment together with a motion for leave to assert the "affirmative defense" of arbitration and to stay the proceedings pending arbitration. However, we conclude that in failing to seek arbitration until nearly two years after their answer and counterclaims, and after engaging in extensive discovery, the appellees have acted in a manner inconsistent with their right to seek arbitration. Further, these actions resulted in delay and prejudice to the appellants, who litigated the case for two years, and based their litigation strategy upon the assumption that the case was going to trial.
"The waiver doctrine was formulated to ensure that an otherwise absolute right to arbitrate must yield, at times, when justified by public policy considerations of judicial economy and detrimental reliance." Manos, supra, at 6. In the case subjudice, public policy considerations of judicial economy and detrimental reliance weigh in favor of finding that the appellees waived their right to arbitration.
Further, Northwood Builders was the only defendant who was a party to the "Standard Building Contract," and thus, the only party who would have had the right to arbitration had it not been waived. Indeed, appellants never agreed in writing to submit to arbitration of any claims that they may have had against Mr. and Mrs. Seabeck, Quality Title Agency, Inc., and/or RE/MAX Key Realty. Hence, appellants cannot be compelled to arbitrate their claims against said defendants, nor can they be compelled to arbitrate the counterclaims of Mr. and Mrs. Seabeck. See Kline v.Oak Ridge Bldrs., Inc. (1995), 102 Ohio App.3d 63, 66.
Accordingly, appellants' assignments of error are well taken to the extent that they aver that the trial court erred in finding that the arbitration provision was not waived and are moot to the extent that they aver that the trial court erred in interpreting the provision itself. See App.R. 12(A)(1)(c).
The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
[1] Additional named defendants include Quality Title Agency, Inc., who was the settlement agent, and RE/MAX Key Realty, who was the real estate agency for Northwood Builders. Neither Quality Title nor RE/MAX Realty are parties to the within appeal.