JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Panzica Construction Company, appeals the decision of the trial court in granting the appellee, third-party defendant, Osmic Erectors Inc.'s, motion to stay the case pending arbitration, pursuant to R.C. 2711.02. For the reasons set forth below, we affirm the decision of the trial court.
{¶ 2} The appellant, Panzica Construction Company ("Panzica"), was the general contractor for a construction project known as the Westlake Recreation Center, located in Westlake, Ohio. As the general contractor, Panzica contracted with Osmic Erectors, Inc. ("Osmic") to fabricate and install the structural steel for the project. Sometime in November 1997, Panzica became aware that the welds in the structural steel were cracking and that the structural steel had been negligently fabricated and installed. This defect led to additional damage to other work performed around the defective steel.
{¶ 3} Panzica notified appellee, Fidelity Deposit Company of Maryland ("Fidelity"), of the property damages and losses and requested coverage under the provisions of the "Builder's Risk" insurance policy issued for the Westlake Recreation Center construction project. On July 20, 1998, Fidelity denied coverage of Panzica's claim for damages.
{¶ 4} Additionally, on April 16, 1998, Panzica notified appellee, Midwestern Indemnity Company[1] of the alleged claim regarding the negligent work performed by Osmic at the Westlake Recreation Center project. The claim was based on a Commercial General Liability Policy and Commercial Umbrella Policy. Midwestern also denied the claim brought by Panzica.
{¶ 5} Panzica then initiated declaratory judgments against both Fidelity and Midwestern pertaining to insurance coverage for the alleged losses sustained as a result of Osmic's negligent workmanship. In addition, Osmic initiated a declaratory judgment against its own insurance company, third-party defendant State Auto Insurance Company, seeking coverage for Panzica's claims.
{¶ 6} On September 23, 1999, Panzica filed an arbitration complaint against Osmic pursuant to a contractual arbitration clause. The agreement was set forth in Osmic's contract with Panzica.
{¶ 7} In addition, Midwestern filed a third-party complaint against Osmic and Osmic's insurer for indemnification and contribution should Midwestern be found to be liable.
{¶ 8} All three separate declaratory actions were then consolidated by the court. On May 18, 2001, Osmic filed a "motion to stay pending arbitration or alternatively for an order compelling discovery" requesting an order staying the action by Midwestern against Osmic until after the pending arbitration proceedings between Panzica and Osmic have been concluded. On June 8, 2001, the trial court issued an order staying the entire case pending the outcome of the arbitration proceedings.
{¶ 9} Panzica now appeals the decision of the trial court and asserts the following sole assignment of error.
 THE TRIAL COURT ERRED WHEN IT SUA SPONTE STAYED THE ENTIRE CASE PENDING ARBITRATION WHERE NO CLAIM ASSERTED BY ANY PARTY WAS SUBJECT TO AN ARBITRATION AGREEMENT.
{¶ 10} Panzica contends in its first assignment of error that the court abused its discretion when it stayed the current case pending the arbitration proceedings. At no time did any party request that the trial court stay the entire matter pending arbitration, and yet the trial court did so, pursuant to R.C. 2711.02. Osmic's motion as a third-party defendant only requested a stay in the action between Osmic and third-party plaintiff GRE Insurance Group/Midwestern Indemnity Company until after the conclusion of the arbitration proceedings between Panzica and Osmic. Appellant's arguments are without merit.
{¶ 11} R.C. 2711.02(B) governs the issuance of a stay of trial pending arbitration and states in pertinent part:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, * * *.
{¶ 12} This court has found the language of R.C. 2711.02 to be mandatory in its enforcement of an arbitrable action. Krafcik v. USAEnergy Consultants, Inc. (1995), 107 Ohio App.3d 59, 64. This court has also determined that an order which grants or denies a stay of any action pending arbitration is a final appealable order for appeal purposes. SeeDunn v. LM Building, Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203, unreported, 1999 Ohio App. LEXIS 1166. The standard of review when an appellate court is addressing whether a trial court has properly granted or denied a motion to stay the proceedings is abuse of discretion.Carter Steel Fabricating Co. v. Danis Bldg. Constr. Co. (1998),126 Ohio App.3d 251, 254-255. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
{¶ 13} In the case at bar, it is undisputed that the contract between Panzica and Osmic contains an arbitration clause for all claims. Panzica states that "this arbitration provision was bargained for between two commercial entities and was ultimately made part of the subcontract agreement between Panzica and Osmic."[2] The arbitration agreement is stated in Article 10 of the contract between Panzica and Osmic and mandates arbitration unless both parties agree otherwise, which is not the case here. In this case, Panzica filed an arbitration complaint against Osmic pursuant to the arbitration clause. Therefore, the only issue for review is the trial court's order staying the entire case until after arbitration has been concluded.
{¶ 14} Under 2711.02, the trial court is granted the power to stay a case "if any action is brought upon any issue referable to arbitration upon an agreement in writing for arbitration * * *." Arbitration has been ordered for parties possessing an arbitration agreement even when there are other allegations not under the agreement which remain with the trial court. See NPS Communications, Inc. v. Continental Group, Inc. (C.A. 2, 1985), 760 F.2d 463. As a general proposition, a party to an action cannot be required to arbitrate a dispute between itself and a second party unless those parties have previously agreed in writing to arbitration. Kline v. Oak Ridge Builders, Inc. (1995), 102 Ohio App.3d 63. It was also found in Kline that when a complaint has been brought against both parties and nonparties to an arbitration agreement, arbitration can only be ordered as to the parties who agreed to the arbitration provision. Id. At that point, "when only a portion of an action can be submitted to arbitration, it is discretionary with the trial court as to whether the remaining trial proceedings should be stayed until the arbitration proceedings have been concluded." Painesville Twp. LocalSchool District v. National Energy Management Institute (1996)113 Ohio App.3d 687, 695 fn. 2.
{¶ 15} In this case, the three declaratory judgments all center around the amount of damages incurred by the appellant based on Osmic's negligent workmanship. Therefore, the decision of the trial court to stay the declaratory judgments pending a decision on damages in the arbitration proceeding was not in error and, therefore, does not constitute an abuse of discretion.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., AND DIANE KARPINSKI, J., CONCUR.
[1] GRE Insurance Group is the parent organization of Midwestern Indemnity Company.
[2] See Panzica Construction Company's response to Osmic Erectors Inc.'s motion to stay pending arbitration or alternatively, for an order compelling discovery.