{¶ 13} I respectfully dissent from the majority opinion.
 {¶ 14} I find the appeal of the denial of Kiko's and Slagle's motion to stay pending arbitration in Stark App. No. 2007 CA 00152 did not divest the trial court of jurisdiction to proceed to adjudicate Appellee's claim against Appellant Wilson. "When only a portion of an action can be submitted to arbitration, it is discretionary with the trial court as to whether the remaining trial proceedings should be stayed until the arbitration proceedings have been concluded."Panzica Constr. Co. v. GRE Ins. Group, 2002-Ohio-2023, ¶ 14, quotingPaineville Twp. Local School District v. National Energy ManagementInstitute (1996), 113 Ohio App. 3d 687, 695 fn. 2.
 {¶ 15} Because the trial court had discretion in the first instance to proceed to adjudicate Appellee's claim against Appellant even if it had granted Kiko's and Slagle's motion to stay pending arbitration, I do not find its decision to proceed with regard to Appellant herein inconsistent with our decision to reverse in 2007CA00152.[2]
[2] Though Appellant Wilson may also have been entitled to seek stay pending arbitration, such request was never made. It does not serve to excuse his failure to timely answer Appellee's complaint. *Page 1