OWENS FLOORING COMPANY, Appellee,

v.

HUMMEL CONSTRUCTION COMPANY; Altercare of Westerville, Inc., Appellant.

[Cite as *Owens Flooring Co. v. Hummel Constr. Co.* (2001), 140 Ohio App.3d 825.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 99–P–0090.

Decided Jan. 2, 2001.

826

*Patrick J. Gallagher*, for appellee.

*Barry J. Miller* and *Jean Kerr Korman*, for appellant.

WILLIAM M. O'NEILL, Judge.

In this accelerated calendar case, submitted on the record and the briefs of the parties, appellant, Altercare of Westerville, Inc. ("Altercare"), appeals from the judgment of the Portage County Court of Common Pleas entered on September 15, 1999. The court denied Altercare's motion to stay proceedings in which it and Hummel Construction Company ("Hummel") were named as defendants by appellee, Owens Flooring Company ("Owens"), while Altercare and Hummel pursued court-ordered arbitration. Altercare also appeals from the court's judgment entry of October 8, 1999, denying its motion for reconsideration.

On October 28, 1999, Owens filed a motion to dismiss this appeal for lack of a final appealable order. This motion was denied on March 23, 2000. Altercare's appeal is based upon R.C. 2711.02; which provides that an order which "grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those Rules, Chapter 2505 of the Revised Code." R.C. 2711.02 was amended in 1990 to overrule the syllabus of the Supreme Court of Ohio in *Gen. Elec. Supply Co. v. Warden Elec., Inc.* (1988), 38 Ohio St.3d 378, 528 N.E.2d 195, which held that an order of a trial court denying a stay of litigation pending arbitration was not a final, appealable order pursuant to R.C. 2505.02 when it did not, in effect, determine the action and prevent a judgment.

Owens, however, claimed that this statute is in conflict with Civ.R. 54(B), which provides:

"When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Thus, pursuant to Civ.R. 54(B), the general rule is that a judgment entry which addresses less than all of the parties is not a final appealable order absent language that "there is no just reason for delay." Hence, Owens claimed that there was a conflict between R.C. 2711.02 and Civ.R. 54(B) as they apply to the case *sub judice*. On one hand, R.C. 2711.02 states that a trial court's order denying a stay of litigation pending arbitration is a final appealable order. On the other hand, appellee argues that Civ.R. 54(B) provides that a judgment entry which does not dispose of all parties is not a final appealable order in the absence of the magic language.

█ In denying Owens's motion, we concluded that Civ.R. 54(B) is not applicable to the present case because no final judgment was entered as to any party or claim. Thus, since Civ.R. 54(B) does not pertain to this case, it was not necessary even to consider the issue of whether it conflicts with R.C. 2711.02. The legislature clearly intended to make a final appealable order of a court's grant or denial of a stay of proceedings to permit arbitration. Thus, we conclude that the order appealed from in this case is a final appealable order.

Returning to the merits of the present appeal, Altercare hired Hummel to construct improvements and additions to a nursing home owned by Altercare located in Westerville, Ohio. Their contract included a clause that required that any controversy or claim arising out of or related to the contract, or the breach of the contract, be resolved by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association. Owens was not a party to this contract. Owens was subcontracted by Hummel and completed work on the project valued at $13,185.

During the course of this project disputes developed between Hummel and Altercare. On September 30, 1997, Hummel filed suit against Altercare and other parties in the Portage County Court of Common Pleas. As the result of a motion by Altercare, venue was transferred to Stark County. The Stark County Court of Common Pleas ordered that all disputes between Altercare and Hummel be decided in binding arbitration. Hummel alleges that Altercare owes it $644,186, subject to various claims by Altercare for delays in completing the work and claims that the work was completed in an unworkmanlike manner. These disputes were still not resolved by arbitration as of October 1999.

On May 17, 1999, Owens filed suit in the Portage County Court of Common Pleas against both Hummel and Altercare for the $13,185 due for the work it

completed on the Altercare project. Owens sued Hummel for breach of contract and Altercare under the theory of unjust enrichment. On July 21, 1999, Altercare filed a motion to stay the action pending the outcome of the arbitration proceedings between Altercare and Hummel. The motion was denied on September 15, 1999. A subsequent motion for reconsideration was denied on October 6, 1999. The court reasoned that Owens's claim against Altercare is not subject to the arbitration clause in the contract between Altercare and Hummel because Owens is not a party to that contract. Second, Owens's suit does not prevent Altercare from arbitrating its disputes with Hummel. Third, the court concluded that Owens's claim is not a derivative claim, and that Altercare can assert any alleged payments to Hummel as an affirmative defense against Owens's claim. From this judgment, Altercare timely filed notice of appeal, assigning the following error:

"The trial court erred as a matter of law when it denied appellant's motion to stay proceedings pending arbitration pursuant to R.C. 2711.02."

█ █ In relevant part, R.C. 2711.02 states, "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, *upon being satisfied that the issue involved in the action is referable to arbitration* under an agreement in writing for arbitration, shall * * * stay the trial of the action until the arbitration of the issue has been had * * *." The trial court concluded that the issues as they exist between Owens and Altercare are not referable to arbitration under an agreement in writing because there is no agreement in writing between these parties, and, therefore, R.C. 2711.02 does not apply to the instant action. We agree. "Although the law favors and encourages arbitration, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit to arbitration." *Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311, 316, 599 N.E.2d 388, 391, citing *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89. "The scope of an arbitration clause, that is whether a controversy is arbitrable under the provisions of a contract, is a question for the court to decide upon examination of the contract." *Id.,* citing *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559.

█ Generally, public policy in Ohio encourages the resolution of disputes through arbitration. *Kelm v. Kelm* (1993), 68 Ohio St.3d 26, 27, 623 N.E.2d 39, 40–41. Any uncertainty regarding the applicability of an arbitration clause should be resolved in favor of coverage. *Grcar v. Lanmark Homes, Inc.* (June 12, 1992), Lake App. No. 91–L–128, 1992 WL 134235, unreported. An arbitration clause should not be denied effect unless it can be determined to a high degree of certainty that the clause does not cover the asserted dispute. *Id.* When the plaintiff in the suit is not a party to the contract containing the arbitration clause,

the clause does not control the asserted dispute. An arbitration provision binds only the specific parties to the agreement. *Windham Foods, Inc. v. Fleming Cos., Inc.* (May 2, 1997), Trumbull App. Nos. 96–T–5515 and 96–T–5519, unreported, at 7, 1997 WL 269387.

In *McCourt Constr. Co. v. J.T.O., Inc.,* this court stated:

■ "As a general proposition, this court would agree that a party to an action cannot be ordered to submit a claim to arbitration if that party has not agreed to arbitration in writing. Specifically, we would note that, even when some of the claims in an action are subject to arbitration under a valid arbitration provision in a contract, other claims in the same action cannot be submitted to arbitration if the individual or entity to whom the claims pertain was not a party to that contract. Under these circumstances, only those claims which arose from the contract containing the provision can be submitted to arbitration, while the remaining claims must be tried by the court." *McCourt Constr. Co. v. J.T.O., Inc.* (Sept. 20, 1996), Portage App. No. 96–P–0036, unreported, at 5–6.

See, also, *Kline v. Oak Ridge Builders, Inc.* (1995), 102 Ohio App.3d 63, 656 N.E.2d 992; *St. Vincent Charity Hosp. v. URS Consultants, Inc.* (1996), 111 Ohio App.3d 791, 677 N.E.2d 381. Owens is not a party to the contract that contains the arbitration provision. In fact, Owens does not have any contract with Altercare. Therefore, Owens is not subject to the stay provisions of R.C. 2711.02.

Altercare has cited cases in support of its position that arbitration agreements must be enforced even when some of the parties to the dispute are not parties to the agreement. However, in those cases, there is a critical factual distinction. In those cases, the plaintiff in the suit was a party to the contract with the arbitration agreement, but the plaintiff's suit included defendants who were not parties to the contract containing the arbitration clause. The claims against the parties outside the contract arose out of that contract. In those cases, the plaintiff was held to the terms of its arbitration agreement, and proceedings against parties outside the agreement were stayed pending arbitration. See *Krafcik v. USA Energy Consultants, Inc.* (1995), 107 Ohio App.3d 59, 667 N.E.2d 1027; *DH–KL Corp. v. Stampp Corbin Corp.* (Aug. 12, 1997), Franklin App. No. 97APE02–206, unreported, 1997 WL 467319. In *Krafcik,* the court held that the presence of a *defendant* who was not a party to the arbitration agreement between the plaintiff and another defendant did not defeat the arbitration agreement. *Id.* at 64, 667 N.E.2d at 1030. In other words, if it were Altercare that filed suit against Owens and Hummel and, by doing so was attempting to escape its own arbitration agreement, then a stay of the proceedings would be appropriate. However, in the case *sub judice,* it is a defendant that is a party to an arbitration agreement who is attempting to impose the terms of that agreement upon a plaintiff who is not a party to the arbitration agreement. The trial

court was correct in concluding that Owens was not bound by the arbitration agreement.

Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.