OPINION
This is an accelerated appeal submitted on the record and briefs of the parties. Jack Kennedy ("appellant") appeals the December 27, 2000 judgment entry by the Portage County Court of Common Pleas, denying his motion to dismiss the complaint, or, in the alternative, to stay the proceedings pending arbitration. For the foregoing reasons, we reverse the decision of the lower court and remand the matter for further proceedings consistent with this opinion.
Briefly, appellant's arguments in the instant appeal concern only the aspect of his motion to stay the proceedings pending arbitration. The underlying factual allegations of the instant case are not before us. Furthermore, as a result of the numerous claims, counterclaims, and cross-claims filed by the various parties, the factual and procedural posture of this case will be limited to that which involves the parties of the instant appeal.
On August 16, 1999, appellant and Glenmoore Builders, Inc. ("Glenmoore") entered into a purchase agreement where it was agreed that Glenmoore would build and appellant would buy a house that would be constructed on appellant's lot. Subsequently, the parties entered into an addendum to the purchase agreement for the construction of a finished basement. The purchase agreement included an arbitration clause.
On September 22, 2000, Glenmoore filed a complaint for foreclosure against defendants: appellant, Thelma K. Kennedy, Ravenna Savings Bank, Fairway Homes, Inc. ("Fairway"), Doors, Inc. ("Doors"), Streetsboro Sales and Services, Inc. ("Streetsboro Sales"), and the Portage County Treasurer. Glenmoore alleged that appellant breached the purchase agreement and addendum by not paying the balance of $34,514.27. Glenmoore also claimed that it detrimentally relied on appellant's promise to pay and that appellant was unjustly enriched. Glenmoore added that it recorded a mechanic's lien on appellant's property and that the named defendants have or claim to have an interest in appellant's property.[1]
Thereafter, on October 24, 2000, Doors filed an answer to Glenmoore's complaint. Doors also filed a counterclaim against Glenmoore, alleging, among other things, that Glenmoore breached their contract by not paying. Additionally, Doors filed cross-claims against appellant and the other defendants, asserting that it perfected a mechanic's lien on appellant's property. On November 8, 2000, Glenmoore filed an answer to Doors' counterclaim and cross-claims, asserting various defenses.
Subsequently, on November 16, 2000, appellant filed an answer to Glenmoore's complaint and to Doors' cross-claim. Appellant also filed cross-claims against Doors, Fairway, and Streetsboro Sales and a counterclaim against Glenmoore. Specifically, in his answer to Glenmoore's complaint, appellant asserted, among other things, that Glenmoore's complaint must be dismissed pursuant to the binding arbitration clause in the purchase agreement. In appellant's answer to Doors' cross-claim, appellant contended that Doors was barred by the absence of privity of contract.
Next, as to appellant's counterclaim against Glenmoore, appellant set forth various arguments. First, appellant alleged Glenmoore breached the purchase agreement because there were significant defects in the house. Appellant also claimed Glenmoore failed to secure lien waivers from subcontractors and failed to submit to binding arbitration. Appellant further alleged that Glenmoore slandered his title. Appellant requested contribution and indemnification if he were found liable for any part of the claims of Doors and Fairway. Finally, as to appellant's cross-claim against Doors, appellant alleged that some of the charges incurred by Doors were for Glenmoore's other projects and that the charges incurred in connection to the construction of his house were attributable to Glenmoore's negligence and incompetence.
That same day, November 16, 2000, appellant filed a motion to dismiss or, in the alternative, a motion to stay the proceedings pending arbitration. Specifically, appellant moved to dismiss Glenmoore's complaint as being prematurely filed because Glenmoore failed to refer its claims to binding arbitration as required under their purchase agreement. Alternatively, appellant moved to stay the proceedings pending the arbitration of Glenmoore's claims. Additionally, appellant filed a demand for a jury trial that same day.
Subsequently, on December 4, 2000, Doors filed an answer to appellant's cross-claim. That same day, Doors filed objections to appellant's motion to dismiss or stay the proceedings. Doors objected to any dismissal because its claims against Glenmoore and the other defendants were wholly independent of the claims between Glenmoore and appellant. Doors emphasized that it was not a party to the arbitration agreement between Glenmoore and appellant. Doors further contended that its claim for foreclosure on its mechanic's lien required all interested parties. Doors added that appellant filed a counterclaim and cross-claims which raised an issue as to his waiver of arbitration.
On December 20, 2000, Glenmoore filed a reply to appellant's counterclaim, asserting, among other things, that appellant breached the contract and that appellant's claims were barred by the doctrine of waiver, acquiescence, ratification, and laches.
In a judgment entry filed on December 27, 2000, the trial court denied appellant's motion without explanation. Thereafter, on January 24, 2001, appellant filed a timely appeal, asserting one assignment of error.[2]
In his sole assignment of error, appellant contends the trial court erred when it denied his motion to stay the proceedings pending arbitration. Appellant argues that no one has asserted that the arbitration clause in the purchase agreement was fraudulently induced. Appellant argues the disputed issues in this case are properly resolved through binding arbitration as set forth in the purchase agreement.
We begin with the appropriate standard of review. When reviewing the grant or denial of a motion to stay the proceedings pending arbitration, pursuant to R.C. 2711.02, an abuse of discretion standard is applied.McGuffey v. LensCrafters, Inc. (2001), 141 Ohio App.3d 44, 49; HarscoCorp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. Abuse of discretion connotes more than mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the instant case, the purchase agreement between Glenmoore and appellant contained the following arbitration clause, which states, in pertinent part:
 "16. DISPUTE RESOLUTION: In the event that any disputes arise between the parties as to the meaning or interpretations of any provisions of this agreement and the exhibits attached, or if any disputes arise as to the proper performance of any part of the work in building the house and the parties are unable between themselves to resolve such disputes, it is mutually agreed that the parties will submit said disputes for dispute resolution through the HBA/BBB DR process. Any such arbitration proceedings shall be completely binding ***."
 Generally, public policy in Ohio encourages the resolution of disputes through arbitration. Smith v. Whitlatch Co. (2000), 137 Ohio App.3d 682, 684. R.C. 2711.02 provides that, upon the motion of a party, a trial court is authorized to stay an action and refer it to arbitration once the court is satisfied that the disputed issue is referable to arbitration under a written agreement for arbitration. Any uncertainties regarding the applicability of an arbitration clause should be resolved in favor of coverage. Stehli v. Action Custom Homes, Inc. (Sept. 24, 1999), Geauga App. No. 98-G-2189, unreported, 1999 Ohio App. LEXIS 4464. The effect of an arbitration clause should not be denied unless it can be determined to a high degree of certainty that the clause does not cover the dispute at issue. Owens Flooring Co. v. Hummel Constr. Co. (2000), 140 Ohio App.3d 825, 829-830. To defeat a motion to stay the proceedings pending arbitration, a party must show that the arbitration clause itself, and not merely the contract in general, was fraudulently induced. ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, syllabus.
Despite the strong public policy encouraging enforcement of arbitration clauses, a trial court may refuse to enforce an arbitration clause if a party waives his right to arbitration. Farrow Builders, Inc. v. Slodov
(June 29, 2001), Geauga App. No. 2000-G-2288, unreported, 2001 Ohio App. LEXIS 2952, citing Griffith v. Linton (1998), 130 Ohio App.3d 746, 750. A party can waive his right to arbitrate under an arbitration clause by filing a complaint. Rock v. Merrill Lynch, Pierce, Fenner Smith,Inc. (1992), 79 Ohio App.3d 126, 128. When an opposing party is confronted with a lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. Harsco Corp., supra,122 Ohio App.3d at 412. Enforcement of an arbitration clause is sought by filing a motion with the trial court to stay the proceedings pending arbitration. R.C. 2711.02. The party claiming the waiver of arbitration must demonstrate that the party wishing to arbitrate had knowledge of and acted inconsistently with his right to arbitrate. ACRS, Inc. v. BlueCross Blue Shield of MN (1998), 131 Ohio App.3d 450, 456.
The totality of the circumstances must be examined to determine whether the party seeking arbitration acted inconsistently with his right to arbitrate. Harsco Corp., supra, 122 Ohio App.3d at 413-414. Such circumstances that may be considered by the trial court to determine whether a party acted inconsistently with his right to arbitrate include: (1) any delay in the requesting party's demand to arbitrate by filing a motion to stay the proceedings pending arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings pending arbitration; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts. Id.
In the case sub judice, appellant and Glenmoore entered into a purchase agreement that contained an arbitration clause. The record does not contain any arguments by Glenmoore or appellant that the arbitration clause was fraudulently induced. As such, the arbitration clause is enforceable. It is apparent that Glenmoore waived its right to arbitration when it filed its complaint in the Portage County Court of Common Pleas. Therefore, the initial issue before us is whether appellant waived his right to arbitration by acting inconsistently with its own right. The trial court's judgment entry offered no explanation as to its reason for denying appellant's motion. As stated, we must examine the totality of the circumstances to determine whether appellant waived his right to arbitrate pursuant to the purchase agreement.
The record demonstrates that appellant's answer to Glenmoore's complaint asserted that the complaint should be dismissed pursuant to the binding arbitration clause in the purchase agreement. The record also demonstrates that appellant filed a motion to stay the proceedings pending arbitration and/or to dismiss the complaint that same day. In addition to his answer, appellant included a counterclaim against Glenmoore and cross-claims against Doors, Fairway, and Streetsboro Sales. Appellant also made a demand for a jury trial that same day.
Looking at the totality of the circumstances, we cannot say that appellant acted inconsistently with his right to arbitrate. First, there was no delay between the filing of appellant's motion to stay the proceedings pending arbitration and appellant's answer, which also raised an argument concerning the arbitration clause. Both were filed on the same day. Second, prior to the filing of appellant's motion to stay the proceedings pending arbitration, appellant did not take part in any pre-litigation discovery, motions, etc. Third, although appellant filed a counterclaim, cross-claims, and a demand for a jury, these were filed on the same day that he filed his motion to stay the proceedings pending arbitration. Generally, counterclaims and cross-claims, relating to the same set of facts, must be timely asserted. See Civ.R. 13. The same applies for a demand for a jury trial. See Civ.R. 38. There cannot be any prejudice to Glenmoore since appellant did not engage in any conduct that was inconsistent with his right to arbitrate pursuant to the purchase agreement. As such, the totality of the circumstances of the instant case does not demonstrate that appellant waived his right to arbitrate.
Next, upon our review of the purchase agreement, the underlying disputed issues between Glenmoore and appellant are referable to arbitration pursuant to the arbitration clause. The arbitration clause requires the parties to submit to arbitration when a dispute arises as to the proper performance of any part of the work in building the house or as to the meaning or interpretation of any provision of the purchase agreement. In its complaint, Glenmoore alleged, among other things, that appellant breached the purchase agreement by not paying the balance of $34,514.27. Appellant's counterclaim alleged, among other things, that Glenmoore breached the purchase agreement because there were significant defects in the house and because Glenmoore failed to secure lien waivers and to submit to arbitration. Of relevance to the claims asserted by Glenmoore and appellant, some provisions of the purchase agreement provide that the balance of the agreement is to be paid upon completion, that Glenmoore is to obtain lien waivers from subcontractors, and that Glenmoore is obligated to deliver the house free of mechanics' liens. Clearly, the underlying disputed issues between appellant and Glenmoore are referable to arbitration pursuant to the arbitration provision of their purchase agreement. As stated, any uncertainties regarding the applicability of an arbitration clause should be resolved in favor of coverage.
As a result of our conclusion that appellant did not waive his right to arbitrate and that the underlying disputed issues between Glenmoore and appellant are referable to arbitration, an issue arises as to what happens to the remaining counterclaims and cross-claims involving the other defendants. The remaining defendants are not parties to the arbitration provision of the purchase agreement between Glenmoore and appellant.
This court has held that arbitration is a matter of contract; thus, a party that has not agreed to arbitration cannot be compelled to arbitrate. Owen Flooring Co., supra, 140 Ohio App.3d at 829. An arbitration clause is only binding upon the specific parties to the agreement. Windham Foods, Inc. v. Fleming Companies, Inc. (May 2, 1997), Trumbull App. Nos. 96-T-5515 and 96-T-5519, unreported, 1997 Ohio App. LEXIS 1807, at 7. In McCourt Constr. Co. v. J.T.O., Inc. (Sept. 26, 1996), Portage App. No. 96-P-0036, unreported, 1996 Ohio App. LEXIS 4114, at 5, this court held:
 "*** [E]ven when some of the claims in an action are subject to arbitration under a valid arbitration provision in a contract, other claims in the same action cannot be submitted to arbitration if the individual or entity to whom the claims pertain was not a party to that contract. Under these circumstances, only those claims which arose from the contract containing the provision can be submitted to arbitration, while the remaining claims must be tried by the court." (Emphasis added.)
 In the case before us, the remaining defendants may not be compelled to arbitrate. As we stated in McCourt Constr. Co., the remaining counterclaims and cross-claims must be tried by the trial court. However, a trial court may stay the adjudication of the remaining counterclaims and cross-claims until the arbitration between Glenmoore and appellant completes. The remaining claims arose out of the purchase agreement between appellant and Glenmoore. An arbitration agreement must be enforced, notwithstanding the presence of others who are parties to the underlying dispute, but are not parties to the arbitration agreement. Krafcik v. USA Energy Consultants, Inc. (1995), 107 Ohio App.3d 59, 64.
In DH-KL Corp. v. Stampp Corbin Corp. (Aug. 12, 1997), Franklin App. No. 97APE02-206, unreported, 1997 Ohio App. LEXIS 3629, the Tenth Appellate District concluded that the remaining appellees could not be ordered to submit to arbitration since they were not parties to the arbitration agreement; however, the trial proceedings could be stayed pending the arbitration process. See, also, Kline v. Oak Ridge Builders,Inc. (1995), 102 Ohio App.3d 63; Owens Flooring Co., supra,140 Ohio App.3d 825. Moreover, in Krafcik, supra, 107 Ohio App.3d 59, one of the defendants, USA Energy Consultants, Inc., moved the trial court for an order to stay the proceedings pending arbitration and to enforce the arbitration agreement between it and the plaintiff. The Eighth Appellate District held that once it was determined that the disputed issues were covered by an arbitration agreement, R.C. 2711.02
required that the trial be stayed by the trial court until the arbitration of those issues had been had in accordance with the arbitration agreement. Id. at 64.
For the foregoing reasons, appellant's sole assignment of error is well taken. The trial court abused its discretion in denying appellant's motion to stay the proceedings pending arbitration. The judgment of the Portage County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., CHRISTLEY, J., concur.
[1] A title check revealed that appellant's property had additional mechanics' liens filed by Fairway, Doors, and Streetsboro Sales and a mortgage deed by Ravenna Savings Bank.
[2] As an aside, subsequently, on February 2, 2001, appellant filed a motion with this court to stay the appeal pending the trial court's ruling on his motion for reconsideration. On January 19, 2001, appellant filed a motion with the trial court, requesting reconsideration of its judgment entry. We filed a judgment entry, overruling appellant's motion to stay the appeal because the denial or grant of a motion for stay pending arbitration was a final appealable order under R.C. 2711.02. We further stated that a motion for reconsideration of a final judgment of the trial court was a nullity.