This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jerome Linnen, appeals from the decision of the Summit County Court of Common Pleas, denying his motion to stay proceedings and compel arbitration. We reverse.
On February 28, 2001, Mark Willis filed a complaint containing eight counts relating to the Willis Linnen Corporation, L.P.A. ("WL"). Mr. Willis and Mr. Linnen were each fifty-percent shareholders in the Ohio corporation. Further, each were also fifty-percent owners in Highland Square Management, Inc. ("HSM"). In the complaint Mr. Willis requested: (1) a declaratory judgment determining Mr. Linnen to be a "departing shareholder" under the close corporation agreement of WL, (2) specific performance of the close corporation agreement and the buy/sell agreement; (3) injunctive relief enjoining Mr. Linnen from using any of WL's property or assets; (4) money judgment for damages caused by Mr. Linnen's failure to abide by the close corporation agreement and the buy/sell agreement; (5) a declaratory judgment determining that the binding arbitration provisions found in the articles of incorporation of HSM are valid and enforceable; (6) a declaratory judgment determining that the parties should submit their dispute over the premises owned by HSM to binding arbitration; (7) judgment quieting title to the property owned by WL, and (8) a money judgment for damages caused by slander of title.
On April 6, 2001, the trial court ordered the parties to arbitration regarding the issue of use of the premises owned by HSM. On April 20, 2001, Mr. Linnen filed a motion seeking, among other things, a stay of the first four counts of the complaint on the basis that the claims were subject to mandatory arbitration as provided in WL's close corporation agreement. In such motion, Mr. Linnen denied that he was the "departing shareholder" pursuant to the parties' agreement. Mr. Willis responded in opposition on June 14, 2001. In a journal entry dated September 7, 2001, the trial court denied Mr. Linnen's motion to stay. This appeal followed.
Mr. Linnen asserts one assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT/APPELLANT'S MOTION TO STAY THE PROCEEDINGS ON COUNTS I, II, III, AND IV OF PLAINTIFF'S COMPLAINT PENDING BINDING ARBITRATION.
In his assignment of error, Mr. Linnen asserts that the trial court erred when it denied his motion to stay the proceedings and compel arbitration. We agree.
The denial of a motion to stay proceedings and refer a matter to arbitration is reviewed under an abuse of discretion standard. HarscoCorp. v. Carrier Co. (1997), 122 Ohio App.3d 406, 410. An abuse of discretion implies that the court's decision was arbitrary, unreasonable, or unconscionable. Id.
Generally, Ohio public policy encourages the resolution of a dispute through arbitration. Smith v. Whitlach Co. (2000), 137 Ohio App.3d 682,684. R.C. 2711.02 provides that, if a court is "satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, [the court] shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement[.]" Any uncertainties that exist with regard to the applicability of an arbitration clause should be resolved in favor of coverage. Id. "An arbitration clause should not be denied effect unless it can be determined to a high degree of certainty that the clause does not cover the asserted dispute." Owens Flooring Co.v. Hummel Constr. Co. (2000), 140 Ohio App.3d 825, 829-30.
In the present case, the pertinent portion of WL's close corporation agreement provides:
 In the event that any disagreement shall arise between (Departing Shareholder) and (Remaining Shareholder) on any matter, * * * (Departing Shareholder) expressly acknowledges that any remedy at law for any breach or violation of the Close Corporation Agreement will be inadequate and agrees that in addition to all other remedies (Remaining Shareholder) shall be entitled as a matter of right to enjoin the violation by (Departing Shareholder), threatened or actual, of this Close Corporation Agreement in general * * * and that the equitable remedies as set forth * * * above may be invoked by (Remaining Shareholder). The shareholders hereby agree that any dispute which cannot be resolved shall be submitted to binding arbitration.
(emphasis added.)
Upon reviewing the close corporation agreement, it is clear that a remaining shareholder is able to enjoin or prevent a threatened or actual violation of the close corporation agreement by a departing shareholding through equitable relief. However, the agreement further provides that, any dispute which cannot be resolved between the shareholders shall be submitted to binding arbitration. While Mr. Willis asserts that the existence of a dispute has not been established, it is evident that a dispute is present by Mr. Linnen's request for arbitration with regard to Mr. Willis' complaint. Under the express terms of the agreement, as there is an unresolved dispute between Mr. Willis and Mr. Linnen as to who is the departing shareholder, a fundamental issue in light of the remedies available to the remaining shareholder pursuant to the agreement, the matter must be submitted to binding arbitration.
After consideration of the close corporation agreement, we find that the language of the agreement is clear that any dispute which cannot be resolved between the shareholders must be submitted to binding arbitration. Accordingly, we find that the trial court abused its discretion in denying Mr. Linnen's motion to stay the proceedings pending arbitration. Mr. Linnen's assignment of error is sustained. The decision of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J., CARR, J. CONCUR