JUDGMENT ENTRY
This cause is an accelerated appeal of a decision of the Clermont County Court of Common Pleas, granting the motion of defendant-appellees, Woodland Enterprises, Ltd. and Michael Scheu, to stay proceedings pending arbitration.
Plaintiffs-appellants, James E. and Janice M. Cahill and Daniel S. and Angie R. Martin, each contracted with Woodland Enterprises, Ltd. ("Woodland"), an Ohio limited liability corporation, for the construction of a Wasau home. Appellants entered into construction loan agreements with New Richmond National Bank to finance the construction. Woodland experienced financial difficulties and eventually filed for Chapter 7 bankruptcy before construction of the homes was completed.
Appellants filed suit against appellees, Woodland, New Richmond National Bank and Michael Scheu, alleging fraud, breach of contract, civil conspiracy, and violations of the Consumer Sales Practices Act. Pursuant to an arbitration clause contained in the construction contract, the trial court referred the matter to arbitration and stayed the proceeding. From this decision, appellants appeal, raising two assignments of error.
Assignment of Error No. 1:
 "The trial court erred and abused its discretion by not utilizing the procedure enumerated in ORC § 2711.02 and failed to examine the entirety of the written agreements prior to its referral of the case to arbitration."
The first assignment of error is overruled as the trial court's decision staying the proceeding pending arbitration does not constitute an abuse of discretion. See McGuffey v. LensCrafters, Inc. (2001),141 Ohio App.3d 44, 49; Harsco v. Carne Carrier Co. (1997),122 Ohio App.3d 406, 410. Section 7.4 of the contract states that "[a]ll claims and disputes between the Owner and the Builder arising out of or relating to this Agreement shall be decided by arbitration[.]" While Section 7.1 of the contract permits the buyer to terminate the contract upon declaring the builder in default, there is no indication in the record that appellants exercised the right to declare the builder in default. The contract language is permissive, requiring appellants to take action to declare the builder in default; default did not occur automatically. Thus, appellants are bound by the contract to submit the matter to arbitration.
Assignment of Error No. 2:
 "The trial court erred and abused its discretion by failing to take into consideration the actual parties bound by the terms of the construction contracts between the plaintiffs and Woodland Enterprises, Ltd."
The second assignment of error is sustained, as appellants cannot be compelled to arbitrate their claims against Sheu personally. Because arbitration is a matter of contract, a party that has not agreed to arbitration cannot be compelled to arbitrate. Glenmoore Builders, Inc.v. Kennedy, Portage App. No. 2001-P-0007, 2001-Ohio-8777, citing OwensFlooring Co. v. Hummel Constr. Co. (2000), 140 Ohio App.3d 825, 829-830. An arbitration clause is binding only upon the specific parties to the agreement. Id. The only parties to the contracts at issue are the builder, Woodland Homes, Ltd., and each of the respective purchasers. Scheu signed the construction contract, not in his individual capacity, but in his corporate capacity as Woodland's representative. He is thus not personally a party to the contract. Appellants cannot be forced to submit to arbitration their claims against Scheu personally. Accord id.; Suttle v. Decesare (July 5, 2001), Cuyahoga App. No. 77753; Klinev. Oak Ridge Builders Inc. (1995), 102 Ohio App.3d 63, 66-67.
Judgment affirmed in part and reversed in part.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed one-third against defendant-appellee, Michael Scheu, and two-thirds against plaintiffs-appellants, James E. and Janice M. Cahill and Daniel S. and Angie R. Martin.
James E. Walsh, Presiding Judge, William W. Young, Judge, and Anthony Valen, Judge, concur.