[Cite as *TN3, L.L.C. v. Jones*, 2019-Ohio-2503.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| TN3 LLC, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-G-0171** |
| KENYATTO MONTEZ JONES, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2018 M 000296.

Judgment: Modified and affirmed as modified.

*Jonathon W. Groza* and *Sean P. Malone*, Kohrman Jackson & Krantz, LLP, One Cleveland Center, 1375 East Ninth Street, 29th Floor, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Harold Edward Farling*, Law Office of Harold E. Farling, LLC, 22255 Center Ridge Road, Suite 206, Rocky River, OH 44116 (For Defendants-Appellees).

TIMOTHY P. CANNON, J.

{¶1}     Appellant, TN3 LLC ("TN3"), appeals a judgment in the Geauga County Court of Common Pleas dismissing its complaint against appellees, Kenyatto Montez Jones ("Jones"), Bear Bull Market Dividends, Inc. ("BBMD"), Ronald Robinson, Jr. ("Robinson"), and Nexgen EAS, LLC ("Nexgen"). We modify, and affirm as modified, the judgment of the trial court.

{¶2}     TN3 brought suit against the named appellees for declaratory relief, injunctive relief, breach of contract, fraud, conversion, tortious interference, unjust

enrichment, and civil conspiracy. The relevant allegations leading to the dispute are as follows:

{¶3} TN3 entered into a Consulting Agreement ("CA") with BBMD on July 14, 2016, for services related to TN3's intention to become a profitable, publicly-traded company and to acquire holding companies. The term of the CA was three years. The contract also contained an arbitration clause and a forum selection clause, both of which designated California as the proper location for dispute resolution:

15. Choice of Law, Jurisdiction, and Venue. This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of California. The parties agree that the Superior Court for the State of California, County of Orange will be the venue of any dispute and will have jurisdiction over all parties. In the event that any part of this Agreement shall be determined to be void or unenforceable, the remaining parts shall continue to be construed separately and apart from such void or unenforceable parts.

16. Arbitration. Any controversy or claim arising out of or relating to this Agreement, or the alleged breach thereof, or relating to Consultant's activities or remuneration under this Agreement, shall be settled by binding arbitration in Orange County California, in accordance with the applicable rules of the American Arbitration Association, and judgment on the award rendered by the arbitrator(s) shall be binding on the parties and may be entered in any court having jurisdiction as provided by Paragraph 14 herein. The provisions of Title 9 of Part 3 of the California Code of Civil Procedure, including section 1283.05, and successor statutes, permitted expanded discovery proceedings shall be applicable to all disputes that are arbitrated under this paragraph.

{¶4} Jones was not a party to the CA; however, he was responsible for performance of the contract as the CEO of BBMD and signer on behalf of the company.

{¶5} BBMD initially recommended acquiring the company that is currently known as Innovest Global, Inc. ("Innovest") from Schoolboy Industries ("Schoolboy"), a company in Belize. Schoolboy was represented by Taniesha Matura ("Matura"), designated as its president, in the transaction. TN3 and Schoolboy entered into a Securities Purchase

2

Agreement ("SPA") whereby TN3 acquired the shares of Innovest for $100,000.00. The SPA contained the following clause:

> **5. GOVERNING LAW; DISPUTE RESOLUTION.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of Nevada. Any controversy or claim out of or relating to this Agreement, the relationship resulting in or from this Agreement or breach of any duties hereunder will be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). All hearings will be held in the City of Las Vegas, Clark County, Nevada before an Arbitrator who is a licensed attorney or former judicial officer with at least fifteen (15) years' experience in commercial and/or securities law. A judgment upon the award rendered by the arbitrator shall be entered into a Court of competent jurisdiction in the City of Las Vegas, Clark County, Nevada. The Federal Arbitration Act (Title 9 U.S. Code Section 1 et. Seq.) shall govern all arbitration and confirmation proceedings. As a condition precedent to the filing of an arbitration claim, the parties agree to first mediate any claims between them at AAA. Any party refusing to mediate shall not prevent the other party or parties from pursuing their claims in arbitration. The parties shall share the cost of mediation equally. Nothing herein will be construed to prevent any party's use of injunction, and/or other prejudgment or provisional action or remedy. Any such action or remedy will not waive the moving party's right to compel arbitration of any dispute. The parties agree to also meet and negotiate in good faith in order to resolve any disputes which may arise between them.

{¶6} Next, BBMD recommended selling Innovest to Nexgen, which TN3 attempted to do through an Escrow/Accommodation Agreement and Securities Purchase Agreement for $125,000.00. The agreements were signed by Robinson, as Managing Member of Nexgen. However, TN3 alleges in its complaint that Nexgen failed to pay the full price of $125,000.00 within the escrow term of five months. The SPA between TN3 and Nexgen provides the following regarding default and disputes:

> **e. Default in Payment and Termination.** If the Buyer fails to pay any installment required by the provisions of subparagraph 1.b.iii, above, on the day that it is due:
>
> > i. the Escrow Agent shall, upon written instruction from Seller, given [sic] written Notice of Default to the Buyer, which shall

3

provide that if the defaulted payment is not received by the Escrow Holder within five (5) calendar days this Agreement is terminated forthwith; and

ii. in the event that this Agreement is terminated in the manner provided in subparagraph 1.e.i., the Escrow Agent shall continue to hold the Closing Documents;

iii. if within the ninety (90) days following termination of this Agreement Seller delivers to the Escrow Agent seventy-five (75%) percent of the funds released from escrow to the Seller with instructions to pay the same to Buyer, the Escrow Holder shall make such payment to Buyer and shall release the Closing Documents to Seller. Upon such payment and delivery, Escrow Holder shall be relieved of all responsibility and liability.

iv. if within the ninety (90) days following termination of this Agreement Seller fails to satisfy the conditions of subparagraph 1.e.iii, the Escrow Holder shall release the Closing Documents to Buyer. Upon such payment and delivery, Escrow Holder shall be relieved of all responsibility and liability.

\*\*\*\*

**6. GOVERNING LAW; DISPUTE RESOLUTION.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of California. Any controversy or claim out of or relating to this Agreement, the relationship resulting in or from this Agreement or breach of any duties hereunder will be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). All hearings will be held in the City of Newport Beach, Orange County, California before an Arbitrator who is a licensed attorney or former judicial officer with at least fifteen (15) years' experience in commercial and/or securities law .. [sic] As a condition precedent to the filing of an arbitration claim, the parties agree to first mediate any claims between them at AAA. Any party refusing to mediate shall not prevent the other party or parties from pursuing their claims in arbitration. The parties shall share the cost of mediation equally. Nothing herein will be construed to prevent any party's use of injunction, and/or other prejudgment or provisional action or remedy. Any such action or remedy will not waive the moving party's right to compel arbitration of any dispute. The parties agree to also meet and negotiate in good faith in order to resolve any disputes which may arise between them.

{¶7} Following the allegedly failed SPA between TN3 and Nexgen, TN3 alleges that it discovered a litany of bad conduct constituting an ongoing and overarching scheme by Jones, through BBMD in its consulting efforts for TN3, to enrich himself at TN3's expense. These allegations include claims that (1) BBMD and Jones failed to secure funding needed to grow Innovest; (2) Jones misled TN3 about his experience and expertise; (3) Jones owned various (at least seven) shell companies in Nevada; (4) Jones owned Schoolboy, who was the original selling company for Innovest; (5) Schoolboy "president" Matura actually worked for Jones at a different company; (6) Jones was subject to investigation by the SEC for his Nevada companies and transactions in Belize, where he was prohibited from transferring money; (7) prior to the sale of Innovest to TN3, Jones, as Schoolboy's owner, attempted to sell Innovest to a third party, Ray Kim, who claims that he was defrauded by Jones; and (8) Jones was engaged in a "pump and dump" scheme related to Innovest and his other interests.

{¶8} Further, while ownership of Innovest following the SPA issue between TN3 and Nexgen remained under dispute, Nexgen agreed to transfer all its shares in Innovest that were to be acquired under the SPA to BBMD for $40,000.00. Following the transfer from Nexgen to BBMD, Jones has repeatedly contacted shareholders and third parties notifying them of the transfer of ownership and that he has appointed himself as the sole director of Innovest.

{¶9} TN3 filed suit in Geauga County and requested a variety of remedies. First, TN3 requested a declaratory judgment that the SPA between TN3 and Schoolboy is valid and binding, therefore vesting TN3 with the ownership of Innovest that it attempted to sell to Nexgen. Next, TN3 sought injunctive relief prohibiting all defendants from asserting ownership of Innovest. Third, TN3 brought a breach of contract claim against BBMD and

5

Jones for breach of the CA. Finally, TN3 brought various tort claims—including fraud, conversion, tortious interference, unjust enrichment, and civil conspiracy—against all parties for the ongoing deceptive scheme outlined in the complaint.

{¶10} The trial court dismissed the claims without prejudice after determining that the claims were subject to binding arbitration or, in the alternative, subject to a forum selection clause designating California as the appropriate forum.

{¶11} TN3 filed a timely notice of appeal and raises two assignments of error for our review.

{¶12} TN3's first assignment of error states:

{¶13} "The Trial Court erred as a matter of law when it dismissed the Complaint because the claims alleged are not subject to arbitration but rather arise out of a conspiracy to defraud TN3 and usurp control of Innovest."

{¶14} "'The scope of an arbitration clause, that is whether a controversy is arbitrable under the provisions of a contract, is a question for the court to decide upon examination of the contract.'" *Owens Flooring Co. v. Hummel Constr. Co.*, 140 Ohio App.3d 825, 829 (11th Dist.2001), quoting *Divine Constr. Co. v. Ohio-American Water Co.*, 75 Ohio App.3d 311, 316 (10th Dist.). "[T]he standard of appellate review in determining the enforceability of an arbitration provision is de novo; however, any factual findings by the trial court must be accorded deference." *Jamison v. LDA Builders, Inc.*, 11th Dist. Portage No. 2011-P-0072, 2013-Ohio-2037, ¶21, citing *Taylor Bldg. Corp. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, ¶2.

{¶15} "Generally, public policy in Ohio encourages the resolution of disputes through arbitration." *Owens Flooring, supra*, at 829 citing *Kelm v. Kelm*, 68 Ohio St.3d 26, 27 (1993). "Any uncertainty regarding the applicability of an arbitration clause should

6

be resolved in favor of coverage." *Id.*, citing *Grcar v. Lanmark Homes, Inc.*, 11th Dist. Lake No. 91-L-128, 1992 WL 134235, *1 (June 12, 1992). "An arbitration clause should not be denied effect unless it can be determined to a high degree of certainty that the clause does not cover the asserted dispute." *Id.* (citation omitted). As the Ohio Supreme Court has held, "an arbitration provision must be enforced unless it is not susceptible of an interpretation that covers the asserted dispute, with any doubt being resolved in favor of arbitration." *Alkenbrack v. Green Tree Servicing, LLC*, 11th Dist. Geauga No. 2009-G-2889, 2009-Ohio-6512, ¶14, citing *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, ¶14.

{¶16} In the matter sub judice, each of TN3's claims are susceptible to an interpretation that an arbitration clause in one of the various agreements applies to the asserted dispute. First, the claim for breach of contract against BBMD and Jones is undisputedly subject to arbitration, as it pertains directly to the contract containing the clause. Further, the claim for declaratory relief requests the court to interpret the validity of the SPA between TN3 and Schoolboy, and the request for injunctive relief requests the court to interpret the validity and potential breach of the SPA between TN3 and Nexgen. Both of these claims are related to contracts containing arbitration clauses, which are binding on the parties.

{¶17} With regard to the remaining tort claims for fraud, conversion, tortious interference, unjust enrichment, and civil conspiracy, we refer to *Academy of Medicine*, *supra*, and *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, 122 Ohio St.3d 341, 2009-Ohio-2962. *See also Alkenbrack*, *supra*, at ¶19. The Supreme Court of Ohio has held that Ohio courts may determine whether a cause of action is within the scope of an arbitration

7

agreement based on the federal standard found in *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386 (6th Cir.2003). In *Fazio*, the Sixth Circuit Court of Appeals held:

> A proper method of analysis here is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement. * * * Even real torts can be covered by arbitration clauses 'if the allegations underlying the claims "touch matters" covered by the [agreement].'

*Fazio*, *supra*, at 395, quoting *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir.1987).

{¶18} Here, TN3 alleged in its complaint that BBMD, through Jones, engaged in a scheme to mislead and deceive TN3 rather than offer legitimate consultation services. As part of this ongoing scheme, Nexgen and Robinson were used to cause TN3's controlling interest in Innovest to be transferred to BBMD through a Securities Purchase Agreement and subsequent transfer. Each of TN3's claims relate to the business relationship between the parties under either the CA, the first SPA between TN3 and Schoolboy, or the second SPA between TN3 and Nexgen. Therefore, TN3's claims are derived from the contracts between the parties and are intertwined with them.

{¶19} We therefore hold that TN3's tort claims could not be maintained without reference to the parties' contracts and are subject to arbitration.

{¶20} TN3's first assignment of error is without merit.

{¶21} TN3's second assignment of error states:

{¶22} "The Trial Court erred as a matter of law when it dismissed the Complaint on the grounds that venue should be in Orange County California because venue is in fact proper in the Geauga County Court of Common Pleas."

8

{¶23} Because we have determined that the claims are subject to binding arbitration, they are subject to the agreed provisions regarding venue set forth in the various agreements. While it is not clear whether all of the claims can be heard in the same venue, it is clear that venue in the Geauga County Court of Common Pleas is not proper.

{¶24} TN3's second assignment of error is not well taken.

{¶25} The trial court determined that "the contract between the parties herein clearly and unequivocally provides that any controversy or claim arising out of or relating to the agreement, or the alleged breach thereof, or relating to Defendants' activities or remuneration, shall be settled by binding arbitration in Orange County, California." This is true with regard to the CA between TN3 and BBMD; however, the trial court's order must be modified to reflect that different claims made by TN3 are subject to the other two agreements.

{¶26} The issue of arbitrability of the breach of contract claim for breach of the CA was conceded in favor of arbitration by TN3. With regard to the other agreements, both the first SPA between TN3 and Schoolboy and the second SPA between TN3 and Nexgen state that "[a]ny controversy or claim out of or relating to this Agreement, the relationship resulting in or from this Agreement or breach of any duties hereunder will be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ('AAA')."

{¶27} The United States Supreme Court recently decided a case involving arbitrability of claims where the parties agreed to the AAA rules, stating that "when the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer*

9

*& White Sales, Inc.*, 139 S.Ct. 524, 528 (2019). This is because "[t]he rules of the American Arbitration Association provide that arbitrators have the power to resolve arbitrability questions." *Id.* Therefore, the trial court reached the correct conclusion by leaving a determination of arbitrability of the claims in the hands of an arbitrator; however, the language of the judgment entry seemingly only references one contract—the CA between TN3 and BBMD.

{¶28} As a result, the judgment of the Geauga County Court of Common Pleas is modified to reflect that each claim pled by TN3 is subject to a valid and binding arbitration clause, whether it be under the CA, the first SPA between TN3 and Schoolboy, or the second SPA between TN3 and Nexgen. An arbitrator will need to determine which contract applies to each claim. Alternative dispute resolution efficiencies suggest the multiple claims should be merged and heard at the same place and time. However, neither this court nor the Geauga County Court of Common Pleas has jurisdiction to dictate the ultimate venue or process under which these claims should proceed.

{¶29} The judgment, as modified, is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

10